UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Respondent,

          v.

DAVID BRIAN HILL,

                    Petitioner.

No. CR-10-0127-FVS
   CV-12-0394-FVS

ORDER DENYING PETITIONER'S
SECTION 2255 MOTION

**THIS MATTER** came before the Court on Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.  (ECF NO. 73).  Petitioner is proceeding pro se. Respondent is represented by Aine Ahmed.

    **BACKGROUND**

    On October 5, 2010, Petitioner was charged by indictment with the following seven counts: Possession with Intent to Distribute 50 Grams or More of Pure (Actual) Methamphetamine (Count 1), Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Counts 2 & 6), Felon in Possession of a Firearm (Counts 3 and 7), and Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing Methamphetamine (Counts 4 & 5).  (ECF No. 15).  Petitioner entered into a plea agreement pursuant to Rule 11(c)(1)(C) on January 27, 2011.  (ECF No. 51).  The United States agreed to dismiss Counts

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 1

1, 2 and 6, and Petitioner plead guilty to Counts 3, 4, 5 and 7. (ECF No. 51). On June 20, 2011, the Court accepted the Rule 11(c)(1)(C) plea agreement and sentenced Petitioner to a term of 120 months on Counts 3 and 7 and a term of 180 months on Counts 4 and 5, all to run concurrently. (ECF No. 68). Judgment was entered on June 20, 2011. (ECF No. 70). Petitioner did not appeal.

On June 12, 2012, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2255. (ECF No. 73). The Government filed a timely response on July 20, 2012. (ECF Nos. 76 & 78). Petitioner's reply was received on July 31, 2012. (ECF No. 79).

**DISCUSSION**

## I.  Legal Standard

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted).

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 2

Because the Court finds that the evidence in this case is conclusive against Petitioner (*see infra*), the Court additionally finds that an evidentiary hearing on the motion to vacate is not necessary.

## II.   Issues Presented

Petitioner presents the following two grounds for relief pursuant to 28 U.S.C. § 2255:

1.   INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

2.   PROSECUTORIAL MISCONDUCT

(ECF No. 73).

## III.   Analysis

### A.   Ineffective Assistance of Counsel

Petitioner argues that his trial counsel rendered ineffective assistance by failing to "investigate witnesses against Petitioner prior to a plea agreement" and "obtain material exculpatory evidence that would have been critical in the negotiations of his plea bargain." (ECF No. 73).  Petitioner complains that his trial counsel failed to investigate evidence that the Government's key witness, Officer Edwards, was involved in criminal misconduct.

In reviewing a claim of ineffective assistance of counsel, the Court applies a two-part test:  "First, the defendant must show that counsel's performance was deficient.  Second, the defendant must show that the deficient performance prejudiced the defense."  *United States v. Recio*, 371 F.3d 1093, 1109 (9th Cir. 2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  Under the first element, the Court must examine "whether counsel's assistance was reasonable considering all the circumstances."  *Strickland*, 466 U.S. at 688.

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 3

This requires the Court to analyze counsel's performance with some deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.  Counsel's performance is not ineffective unless it fails to meet an objective standard of reasonableness under prevailing professional norms.  *Id.* at 688.

Under the second element, it must be shown "that counsel's errors were so serious as to deprive the defendant of a fair trial." *Recio*, 371 F.3d at 1109 (quoting *Strickland*, 466 U.S. at 687).  "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.  Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* (citation omitted).  Rather, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

1.   **Counsel's Performance**

As previously indicated, Petitioner claims that his trial counsel was ineffective because he failed to investigate evidence that the Government's key witness, Officer Edwards, was involved in criminal misconduct.  Petitioner's assertions, however, make no specific allegation that his counsel's choices and actions were unreasonable, nor are there specific allegations that Petitioner's case was prejudiced by his counsel's tactics or strategy.  *See United States v.*

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 4

*Hearst,* 638 F.2d 1190, 1194-95 (9th Cir. 1980), *cert. denied,* 451 U.S. 938 (1981) (a petitioner must make specific factual allegations which, if true, would entitle him to relief). Petitioner's argument thus lacks a specific allegation which, if true, would entitle him to relief.

In any event, the record demonstrates that Petitioner's counsel did not fail to investigate as alleged. On February 15, 2011, the Government, Petitioner, and Petitioner's counsel engaged in a free talk to discuss Petitioner's August 24, 2010 arrest and surrounding events. (ECF No. 76 at 4). The purpose of the free talk was to discuss the alleged misconduct on the part of Officer Edwards regarding the officer's involvement with a bail bondsman leading up to and during Petitioner's arrest. *Id.* When the Government learned of the investigation into Officer Edwards' conduct, the Government immediately notified counsel for Petitioner, and counsel for Petitioner notified his client of the investigation. *Id.*

Petitioner agreed to participate in the free talk to discuss further information regarding the investigation of Officer Edwards. (ECF No. 76 at 4-5). Investigating officers interviewed Petitioner to determine whether officers improperly failed to note in their reports that Petitioner had been tased and whether officers, in particular Officer Edwards, had used a bounty hunter to conduct a search of the hotel room. (ECF No. 76 at 5). It was ultimately determined there was no impropriety on the part of the officers involved, including Officer Edwards. *Id.*

Contrary to Petitioner's assertions, he and his trial counsel were fully informed of the internal investigation of Officer Edwards

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 5

prior to the Court's acceptance of the Rule 11(c)(1)(C) plea agreement on June 20, 2011. (ECF No. 69). Consequently, there has been no showing that Petitioner's representation was deficient as defined by *Strickland*.

### 2. Prejudice to Defense

Petitioner is further not able to demonstrate that his counsel's performance was prejudicial.

Again, Petitioner has not made specific factual allegations as to his ineffective assistance of counsel claim. *See Hearst,* 638 F.2d at 1194-95. While Petitioner asserts that his counsel failed to "investigate witnesses against Petitioner prior to a plea agreement" and "obtain material exculpatory evidence that would have been critical in the negotiations of his plea bargain," Petitioner's assertions fail to identify what and how additional information would have specifically contributed to his defense. The information of which Petitioner complains does not contradict the evidence of his criminal charges. As indicated by the Government, evidence of Officer Edwards' alleged misconduct does not negate the Government's evidence that Petitioner was a felon in possession of a firearm and did engage in possession with the intent to distribute methamphetamine. (ECF No. 76 at 12). There are no specific allegations that Petitioner's case was prejudiced insomuch as the result of the proceedings would have been different.

Based on the foregoing, it is apparent that the performance of Petitioner's counsel was neither deficient, nor did it result in prejudice to Petitioner. Petitioner has not only failed to provide a specific allegation that his counsel's tactics or strategy were

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 6

unreasonable, but it is also clear that Petitioner and his trial counsel were made fully aware of the investigation of Officer Edwards prior to the Court's acceptance of the Rule 11(c)(1)(C) plea agreement. Petitioner has additionally failed to show that prejudice resulted from any alleged failures by his counsel.[1] Accordingly, Petitioner's ineffective assistance of counsel claim is denied.

**B.    Prosecutorial Misconduct**

Petitioner also contends that the Government failed to disclose *Brady* material prior to the negotiation and execution of his plea agreement. (ECF No. 73 at 2). Petitioner claims that the Government withheld documents which would have shown that "critical witnesses were lying or mistaken in important respects." (ECF No. 73 at 3). Petitioner specifically asserts that the Government withheld evidence that Officer Edwards was involved in criminal misconduct.

As indicated above, when the Government learned of the investigation into Officer Edwards' conduct, the Government immediately notified counsel for Petitioner, and counsel for Petitioner notified his client of the investigation. (ECF No. 76 at 4). Petitioner then agreed to participate in a free talk to discuss the investigation of Officer Edwards. (ECF No. 76 at 4-5). Therefore, contrary to Petitioner's assertions, he and his trial counsel were aware of the internal investigation of Officer Edwards prior to the Court's acceptance of the plea agreement.

Petitioner's prosecutorial misconduct claim is without merit.

---

[1]Importantly, internal investigators concluded there was no impropriety on the part of Officer Edwards in this case. (ECF No. 76 at 5).

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 7

**RULING**

The Court being fully advised, **IT IS HEREBY ORDERED** as follows:

1.   Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (**ECF No. 73**) is **DENIED**.

2.   The District Court Executive is directed to enter judgment in favor of Respondent and **CLOSE** this case as well as the corresponding civil case: **CV-12-0394-FVS.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to Petitioner and to counsel.

**DATED** this __11th__ day of September, 2012.


                         S/Fred Van Sickle
                         Fred Van Sickle
              Senior United States District Judge

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 8